AMUSSEN v. HANSEN et al.

No. 3159.   Decided April 19, 1918.   (173 Pac. 127.)

1. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE—TRIAL BY COURT. That the trial court erroneously departed from the real issues of the case, in permitting the introduction of testimony, over plaintiff's objection, bearing on a verbal contract that was not in issue under the pleadings, and which as a matter of law, conceding there had been such a contract, should have been held merged into the written agreement subsequently made between the parties, and made some findings, accordingly, does not justify reversal, where the judgment for plaintiff finds substantial support in pleadings and testimony.   (Page 115.)

2. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE. In action on written contract, defendants could not, after judgment for plaintiff, complain of erroneous admission of their evidence as to a prior oral agreement, since plaintiff, and not defendants, was injured thereby.   (Page 116.)

Appeal from District Court of Cache County, First District; *Hon. J. D. Call*, Judge.

Action by V. S. Amussen against P. O. Hansen and another.

Judgment, after trial without jury, for plaintiff.

Defendants appeal.

AFFIRMED.

*A. A. Law* for appellants.

*Leon Fonnesbeck* for respondent.

CORFMAN, J.

Plaintiff brought this action in the district court of Cache county to recover damages against the defendants for failing to deliver to plaintiff, under the terms of a written contract, certain shares of stock of a corporation.

It is alleged in the complaint that on the 26th day of September, 1912, the plaintiff and the defendants entered into a written agreement, a copy of which is set forth in the complaint, which was to the effect that in consideration of the plaintiff's subscribing for 2,000 shares, of the par value of one dollar each, of the capital stock of the Logan Monument & Stone Company, a corporation to be organized for the purpose of holding and operating the business of the defendants, and for the further consideration of services rendered and to be rendered by the plaintiff in the promotion and organization of the corporation, the defendants would transfer 2,000 shares of said stock to the plaintiff on the complete payment of the 2,000 shares subscribed for by him; that the plaintiff, in pursuance of the agreement, subscribed and paid $2,000 for 2,000 shares of stock, and rendered all services to be by him performed under the terms of the agreement, but that the defendants have failed and refused to transfer or deliver to him the 2,000 shares of stock agreed to be delivered to him by the defendants in consideration therefor, to plaintiff's damage in the sum of $2,000, for which he prays judgment, and for interest and costs.

The answer admits the execution of the contract, the failure and refusal of the defendants to deliver the 2,000 shares of stock to the plaintiff, and denies generally the other allegations of the complaint.

The case was tried to the court without a jury, and the court found for and rendered judgment in plaintiff's favor against the defendants for the sum of $712.42. Defendants appeal.

The defendants complain of the judgment: (1) That the

findings of the trial court are not supported by the pleadings; (2) that the evidence is insufficient to support the findings; (3) that the conclusions of law by the trial court are erroneous.

The complaint in this action was based upon a written agreement entered into between the parties providing that the defendants should in consideration of the plaintiff having subscribed for the purchase of 2,000 shares of the capital stock of a corporation to be organized, and for services rendered and to be rendered, transfer to the plaintiff 2,000 shares of the stock of the corporation on the complete payment of the stock subscribed for by plaintiff. The answer of the defendants admitted the execution of the contract and their failure to transfer to the plaintiff the 2,000 shares of stock as provided for in the agreement.

After reviewing the testimony, we think it was conclusively shown on the part of the plaintiff that he paid not only the full price of the 2,000 shares of stock subscribed for by him, but that he rendered all services called for under the contract.

True, the trial court, wholly beside the issues, permitted the defendants to introduce testimony to the effect that, previous to the execution of the written agreement upon which the plaintiff's action was based, an oral agreement had been entered into between the parties to the effect that the plaintiff was to sell for the defendants 7,000 shares of the stock of the corporation, and the trial court found that the written agreement for the transfer of 2,000 shares of stock by the defendants to plaintiff was intended and contemplated by the parties to be a modification of the said oral agreement, but the trial court did find, and very properly so, that the written contract had been performed by the payment of $2,000 for the stock subscribed for and the rendition of the services of him required.

The mere fact that the trial court erroneously, as we think, departed from the real issues of the case, in permitting the introduction of testimony, over plaintiff's objection, bearing on a verbal contract that was not in issue under the pleadings, and which as a matter of law, conceding

there had been such a contract, should have been held merged into the written agreement subsequently made between the parties, and made some findings accordingly, will not justify this court in reversing the judgment so long as the judgment rendered finds substantial support both in the pleadings and testimony adduced in plaintiff's behalf at the trial.

In view of the pleadings and facts as disclosed by the record here, we have no doubt as to the trial court's having made an error in making the findings on immaterial issues under the pleadings, in the particulars we have called attention to.    However, we find it was the plaintiff who was injured thereby, and of that the defendants may not complain.          2

We think, under the issues as defined by the pleadings, and the evidence received in support thereof, the trial court was justified not only in concluding that the plaintiff made substantial performance of his contract, and in rendering judgment accordingly, but that the court might well have rendered judgment against the defendants in plaintiff's favor as prayed for in his complaint.

Therefore, for the reasons stated, it is ordered that the judgment of the district court be affirmed.    Costs to respondent.


FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.